## In re ELDRED.

(District Court, E. D. New York. March 20, 1907.)

BANKRUPTCY—APPLICATION FOR DISCHARGE—REFERENCE.

Under rule 41 in the Eastern district of New York, it is the duty of objecting creditors to see that the objections to a bankrupt's application for discharge are referred to a referee as special master and to arrange for the hearing thereon.

In Bankruptcy. On motion to dismiss application for discharge.

Earl A. Bowman, for bankrupt.
Henry W. Sykes, for creditors.

CHATFIELD, District Judge. This motion to dismiss the bankrupt's application for discharge was made by the objecting creditors, who filed specifications on the 15th day of January, 1907. Thirty days have elapsed since that time, and neither the objecting creditors nor the bankrupt have taken any steps to have the issues referred to a special master or brought on before the court. The Bankruptcy Law of July 1, 1898, c. 541, § 14, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], provides:

"a. Any person may, after the expiration of one month * * * subsequent to being adjudged a bankrupt, file an application for a discharge in the court * * *" etc.

"b. The judge shall hear the application for a discharge, and such proofs and pleas as may be made in opposition thereto by parties in interest, at such time as will give parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application and discharge the applicant unless * * *" etc.

Under this section of the bankruptcy law it would seem to be necessary to have a calendar for issues raised by objections to applications for discharge, and to have some calendar practice as to the bringing on of these issues for trial. In the Southern district of New York, it being impossible for the court to dispose of such a calendar, the matters are referred as of course to the referee, who has acted in the proceeding, as special master, and it is then the duty of the bankrupt, inasmuch

,as it is held that he is asking for the privilege of a discharge, to bring the matter on before the referee. In the Eastern district of New York no uniform rule for reference to a special master has been adopted; but, inasmuch as the court could not find opportunity to dispose of these issues, each one has been referred to a special master, and rule 41 adopted, by which the objecting creditors have been compelled to arrange for the hearings before the referee as special master, and therefore, inferentially, to see that an order of reference has been entered. In the case at bar the attorney for the objecting creditors, apparently in reliance upon the rule in the Southern district, has done nothing, and the attorney for the bankrupt, following the rule in the Eastern district, has also taken no steps.

Without further comment or discussion, and as rule 41 covers the practice in the Eastern district, it seems to the court that the issues raised by the objecting creditors on the application of the bankrupt for discharge should be referred to the referee as special master to take testimony and report thereon, and the clerk will enter an order accordingly.

Thereafter it will be the duty of the objecting creditors to arrange for a hearing under rule 41.